# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

KASHEEF MCCALLA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 13-6977 (FLW)

**OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Kasheef McCalla ("McCalla" or "Petitioner"), is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, McCalla's § 2255 motion is DENIED.

## II. BACKGROUND AND PLEADINGS

### A. The Underlying Criminal Proceeding

In October 2011, McCalla and numerous others, all members of a gang known as the Detroit Boyz, were indicted before this Court on various criminal charges. *See United States v. Barnett*, Crim. No. 11-452 (FLW) (D.N.J.), Superseding Indict., ECF No. 150. Specifically, McCalla was indicted for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count One), for conspiracy to distribute and possess with intent to distribute 28 grams or more of crack cocaine (Count Two), conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (Count Three), and for distribution and possession with intent to distribute cocaine (Counts Twelve and Thirteen), all under 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. *Id.* In April 2012, a grand jury returned a

third superseding indictment, which, among other things, added a count against McCalla for possession of a firearm in furtherance of drug-trafficking crimes, under 18 U.S.C. §§ 2 and 924(c)(1)(A)(i) (Count Twenty-One). *See* Crim. No. 11-452, ECF No. 210. A subsequent Fourth Superseding Indictment added a count against McCalla for possession of a firearm equipped with a silencer, under 18 U.S.C. §§ 2, 924(c)(1)(A), and 924(c)(1)(B)(ii) (Count Twenty-Two). *See* Crim. No. 11-452, ECF No. 302.

On May 18, 2012, McCalla pleaded guilty before this Court to Count Three, conspiracy to distribute heroin, and Count Twenty-One, possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Crim. No. 11-452, ECF Nos. 320, 321, 322, 477. The plea agreement acknowledged that the conviction on Count Three carried a statutory minimum sentence of five years' imprisonment and a maximum sentence of 40 years' imprisonment, while Count Twenty-One carried a mandatory five-year sentence, to run consecutive to any other sentence. *Id.*, ECF No. 322 at 2. In Schedule A to the Plea Agreement, McCalla and the U.S. Attorney's Office stipulated to the facts that there was a conspiracy to distribute between 400 and 700 grams of heroin and that McCalla attempted to obstruct the administration of justice. *Id.*, Sched. A, ¶¶ 3 & 4. The parties agreed to the reasonableness of a sentence for the drug offense based on an adjusted offense level under the United States Sentencing Guidelines of 28 and that the firearms offense carried an additional sentence of 60 months. *Id.*, Sched. A, ¶¶ 3–8.

The plea agreement also included an agreement between McCalla and the U.S. Attorney's Office to waive rights of appeal so long as the sentence was within the stipulated guidelines, except to the extent either party wished to appeal the determination of McCalla's

criminal-history category. (*Id.* at 4 & Sched. A ¶ 9.) Specifically, this provision stated, in relevant part,

> Kasheef McCalla knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range calculated as set forth in the preceding paragraph.
> . . . . The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.

(*Id.*, Sched. A ¶ 9.)

During the plea hearing, McCalla confirmed that he understood the charges to which he was pleading and that he had read and understood the entire plea agreement. Crim. No. 11-452, Tr. of Plea (May 18, 2012), ECF No. 477, at 6, 11–14. McCalla explicitly represented that he had no questions for his attorney or the Court regarding the terms of the plea agreement. *Id.* at 13. McCalla confirmed that he understood he was waiving his right to file an appeal unless he received a sentence above the stipulated guidelines range or to challenge his criminal-history category. *Id.* at 14–16. He further expressed his understanding of the stipulated sentencing guidelines, the fact that the Court was not bound by those guidelines, and that any estimations as to a probable sentence could be inaccurate. *Id.* at 16–21. The Court explained to McCalla the elements of the charges to which he was pleading, and he confirmed that he understood these elements. *Id.* at 23–25. The Court further reviewed with McCalla the factual allegations specific to him and confirmed that he in fact performed the alleged acts, including possessing a firearm in connection with the conspiracy to traffic drugs. *Id.* at 25–26. McCalla confirmed that he was pleading guilty to these charges because he was actually guilty. *Id.* at 26–27. The Court found

McCalla competent and capable of entering an informed plea and accepted his guilty plea. *Id.* at 28–29.

The Court sentenced McCalla on November 14, 2012. *See* Crim. No. 11-452, ECF No. 388. Following a hearing, the Court issued a judgment sentencing him to 60 months' imprisonment on the drug charge and 60 months' imprisonment, to be served consecutively, on the firearms charge, for an aggregate sentence of 120 months. *See* Crim. No. 11-452, J., ECF No. 389. McCalla did not file a direct appeal from his conviction or sentence.

### B. The § 2255 Motion

On November 18, 2013, McCalla, acting *pro se*, filed a § 2255 motion to vacate, set aside, or correct his sentence and alleged ineffective assistance of counsel on three bases. (*See* ECF No. 1.) He first argues that his counsel was ineffective for failing to properly investigate or challenge the firearms claim. (*Id.* at 3.) Second, McCalla argues that his counsel was ineffective in that he failed to file an appeal "after being told specifically by the defendant to do so." (*Id.* at 4.) Finally, McCalla alleges that his counsel was ineffective "for failing to object to the improper calculation of the guidelines in this case." (*Id*. at 5.) McCalla simultaneously filed a request for 60 days to amend his motion. (ECF No. 1-1.) He thereafter filed a supplemental motion to vacate, set aside, or correct a sentence, which again alleged that his counsel was ineffective for failing to review with McCalla the elements of the firearms violation under 18 U.S.C. § 924(c). (*See* ECF No. 4.) McCalla alleges that his counsel advised him that he did not have a good chance at trial, and that he subsequently entered into the plea agreement. (*Id.* at 4–5.) He contends, however, that this advice was incorrect, as McCalla did not possess a weapon when he was "arrested for drugs." (*Id.* at 5–6.) McCalla contends that, had his counsel

4

explained the charge and related legal precedent to him properly, he would not have accepted the plea and would have proceeded to trial. (*Id.* at 6.)

Respondent, the United States of America, filed an Answer to McCalla's Petition on February 28, 2014, but addressed only the claim raised in McCalla's supplemental petition, concerning his attorney's alleged failure to adequately explain the firearms charge. (*See* ECF No. 7.) The Court thereafter directed Respondent to file an Answer addressing all grounds raised by McCalla. (ECF Nos. 11 & 13.) Respondent filed an Amended Answer on January 12, 2017. (ECF No. 15.) McCalla filed a traverse on May 31, 2017. (ECF No. 21.)

### III. LEGAL STANDARDS

#### A. Standard of Review

To grant relief on a federal prisoner's motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, the Court must find that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989)). A district court "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Forte,* 865 F.2d at 62).

#### B. Ineffective Assistance of Counsel

McCalla's § 2255 motion is premised entirely on allegations that his trial counsel, Timothy Boney ("Boney"), provided ineffective assistance. (*See* ECF Nos. 1 & 4.) The Sixth Amendment guarantees defendants effective assistance of counsel during critical portions of a

5

criminal proceeding. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). The Supreme Court, in *Strickland v. Washington,* 466 U.S. 668 (1984), articulated a two-prong burden for demonstrating the ineffectiveness of counsel: (1) that, considering all relevant circumstances, counsel's performance fell below an objective standard of reasonableness and (2) that the petitioner suffered prejudice as a result. *Id.* at 687–96; *see also Grant v. Lockett,* 709 F.3d 224, 232 (3d Cir. 2013).

In addressing the first prong, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690. Judicial scrutiny of counsel's conduct must be "highly deferential." *See id.* at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The reviewing court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Counsel's strategic choices made after thorough investigation of the relevant law and facts are "virtually unchallengeable," while choices made with less than entirely thorough investigation "are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91; *see also Rolan v. Vaughn,* 445 F.3d 671, 682 (3d Cir. 2006); *Gov't of V.I. v. Weatherwax,* 77 F.3d 1425, 1432 (3d Cir. 1996). Whether counsel acted in a manner that was deficient is measured by a standard of "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 687–88; *see also Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

The second prong of the *Strickland* test requires the petitioner to affirmatively prove resulting prejudice. *See* 466 U.S at 693. Prejudice is generally found where "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*; *see also McBride v. Superintendent, SCI Houtzdale,* 687 F.3d 92, 102 n.11 (3d Cir. 2012). "This does not require that counsel's actions more likely than not altered the outcome, but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case. The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter,* 562 U.S. 86, 111–12 (2011) (internal quotation marks and citation omitted).

In the context of plea agreements, this prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, counsel must "give a defendant information sufficient 'to make a reasonably informed decision whether to accept a plea offer.'" *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)); *see also United States v. Vaughn*, 704 F. App'x 207, 212 (3d Cir. 2017); *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015). Counsel's advice concerning a plea offer may be ineffective if it is "so incorrect and so insufficient that it undermined the defendant's ability to make an intelligent decision." *Day*, 969 F.2d at 43.

The *Strickland* Court made clear that a court may apply the two prongs in whatever order it sees fit. 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."); *see also Rainey v. Varner,* 603 F.3d 189, 201 (3d Cir. 2010).

7

# IV. ANALYSIS

## A. Ground One – The Firearms Charge

The full extent of McCalla's allegations as to Ground One in his petition reads:

> The petitioner alleges that the counsel was ineffective for failing to properly negotiate a plea in this case. The counsel failed to properly investigate the fact that the defendant plead guilty to a 924(c) count in which he was never in the possession of. The defendant did not meet the requirement to be convicted pursuant to the 18 U.S.C. 924(c).

(ECF No. 1 at 3.)

In opposition to this ground, Respondent argues that the evidence shows that McCalla was involved in drug trafficking and that his possession of a firearm, in this case a semiautomatic pistol, was related to that activity. (ECF No. 15 at 16–20.) It particularly stresses that the loaded gun was seized from McCalla's bedroom, inside one of his shoes, and that a quantity of cocaine was also found in the bedroom. (*Id.* at 19.)

In reply, McCalla contends that, during the plea hearing, his attorney directed him to accept responsibility for the firearms charge. (ECF No. 21 at 6.) McCalla now denies that he "ever possessed firearms in furtherance of drug trafficking" and argues that there is no evidence the pistol recovered "was used or possessed by him to advance his conspiracy to distribute heroin charge." (*Id.*) McCalla contends that he explained to his attorney that he had the gun "for protection of the home" and that the prosecution evidence established only that a gun was found in his house. (*Id.*)

As acknowledged by the parties, the facts in this case are very similar to those considered by the United States Court of Appeals for the Third Circuit in *United States v. Sparrow*, 371 F.3d 851 (3d Cir. 2004). A warranted search of the storefront Sparrow rented revealed a hidden compartment containing a large amount of marijuana and a loaded pistol. *Id.* at 851–52.

8

Sparrow pleaded guilty to drug charges and to possession of a firearm in furtherance of drug trafficking, under § 924(c). *Id.* at 852. He subsequently filed a § 2255 motion claiming that his plea was the result of ineffective assistance of counsel because the facts were insufficient to support a § 924(c) conviction. (*Id.*) Sparrow particularly asserted that there was "an insufficient factual nexus" between the gun possession and the drug trafficking for a § 924(c) charge. (*Id.*)

The Third Circuit explained that mere possession of a weapon is not enough, as conviction under § 924(c) requires evidence showing that the defendant's "'possession actually furthered the drug trafficking offense.'" *Id.* at 853 (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000).) It identified eight non-exclusive factors to be considered in assessing this question:

(1) "the type of drug activity that is being conducted,"

(2) "accessibility of the firearm,"

(3) "the type of the weapon,"

(4) "whether the weapon is stolen,"

(5) "the status of the possession (legitimate or illegal),"

(6) "whether the gun is loaded,"

(7) "proximity to drugs or drug profits," and

(8) "the time and circumstances under which the gun is found."

*Id.* (internal quotation marks omitted). The Third Circuit noted that "immediate accessibility at the time of search or arrest is *not* a legal requirement for a § 924(c) conviction." *Id.* (emphasis added). Noting similar results in several other circuits, the *Sparrow* Court observed that Sparrow's possession of the gun was otherwise illegal, that the gun was loaded, and that it was kept in a compartment with drugs and cash. *Id.* at 853–54. Accordingly, it concluded that the

9

evidence was sufficient to support a § 924(c) conviction and that "his attorney's advice to plead guilty does not constitute ineffective assistance of counsel." *Id.* at 854.

The Third Circuit has consistently found similar circumstances sufficient to support guilty verdicts on § 924(c) charges. *See, e.g.*, *United States v. Shannon*, 715 F. App'x 187, 189, 193–94 (3d Cir. 2017) (sufficient evidence for § 924(c) conviction where guns and drugs found in bedroom); *United States v. Scott*, 607 F. App'x 191, 198–99 (3d Cir. 2015) (sufficient evidence for § 924(c) conviction where gun found in dresser along with drugs, jewelry, and cash); *United States v. Coles*, 558 F. App'x 173, 178–79 (3d Cir. 2014) (sufficient evidence for § 924(c) conviction where guns found near cash and money-counting machine, but not near drugs); *United States v. Rivera*, 524 F. App'x 821, 827–28 (3d Cir. 2013) (noting that discovery of gun in same apartment as drugs and cash "suggests that the gun was used to protect both the drugs and cash proceeds from sales").

Examining the record presented in this case, I reach the same conclusions as the *Sparrow* Court: that the evidence supported a conclusion that McCalla possessed the pistol in furtherance of his drug-trafficking activities and that no ineffective-assistance-of-counsel claim is supported by the fact that Boney encouraged McCalla to accept a plea to this charge. First, I note that McCalla does not seriously dispute that he was engaged in drug trafficking or that he possessed the gun; indeed, despite the claim in his original petition to the contrary, he now seems to concede that he had a firearm. (*See* ECF No. 21 at 6 ("The AUSA's narrative proves merely that McCalla possessed a gun . . . .").) His claim that he would have rejected the plea if Boney had properly explained the elements of the § 924(c) charge seems to stem solely from his contention that the government could not prove that he possessed the gun in furtherance of drug trafficking. (*Id.*)

10

Applying the *Sparrow* factors to this question, I note that McCalla admitted during his plea hearing, and does not presently challenge, that he was engaged in a conspiracy to distribute heroin. Next, the semiautomatic pistol was found hidden in a shoe in McCalla's bedroom and cocaine was also recovered from that room. I further note that the gun was found immediately after McCalla's arrest, that it was loaded, and that the possession was otherwise illegal, as McCalla was a convicted felon. These factors are virtually indistinguishable from *Sparrow*, and support rejecting McCalla's claim. Consequently, the allegation that Boney encouraged McCalla to accept the plea does not, in light of the applicable law, demonstrate that the representation was deficient.

Furthermore, McCalla's argument that he possessed the gun merely to protect his home is not compelling, as the Court may infer that the reason the home needed protection was because of the drugs it contained. *See Rivera*, 524 F. App'x at 827–28. The Court also rejects McCalla's allegation that, due to his counsel's ineffectiveness, he somehow did not understand that possession *in furtherance of drug trafficking* was an element of a § 924(c) charge. Indeed, the Court reviewed this element with McCalla multiple times during the plea colloquy. *See* Crim. No. 11-452, ECF No. 477 at 6, 25–27, 28. Each time, McCalla confirmed that he understood the charge and that he was in fact guilty of it. *Id.* Even if I were to accept McCalla's allegation that he did not understand the charge to which he was pleading, I would still find no resulting prejudice in light of the controlling law—namely, the *Sparrow* decision—and the overwhelming evidence of guilt, which would prevent finding a reasonable probability that, had McCalla fully understood the charge, he would have rejected the plea. *See Copenhefer v. Horn*, 696 F.3d 377, 390 (3d Cir. 2012).

**B. Ground Two – Failure to Appeal**

In Ground Two, McCalla alleges, "The counsel was ineffective for failure to consult the defendant concerning, the appeal in this case. The counsel failed to also file a [sic] appeal after being told specifically by the defendant to do so." (ECF No. 1 at 4.) In opposition, Respondent argues that McCalla was not prejudiced because he waived his appeal and, in any case, cannot show ineffective assistance of counsel as he has not identified any basis to appeal his conviction or sentence.[1] (ECF No. 15 at 21–24.) In reply, McCalla argues that, when a defendant asserts that his attorney ignored an explicit direction to file an appeal, this creates a factual question requiring an evidentiary hearing. (ECF No. 21 at 2–4.)

In support of his motion, McCalla relies on the decision of the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). (*See* ECF No. 21 at 2–4.) There, the Court noted a longstanding rule "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. It explained that the failure to file a notice of appeal in such circumstances cannot be explained as a strategic decision as it is merely a ministerial task. *Id.*

The *Flores-Ortega* Court acknowledged that, generally, a party advancing a claim of ineffective assistance of counsel must overcome a strong presumption of reliability "by showing how specific errors of counsel undermined the reliability of the finding of guilt." *Flores-Ortega*, 528 U.S. at 482 (internal quotation marks and brackets omitted). It observed, however, that prejudice is presumed when a criminal defendant is either actually or constructively denied the assistance of counsel altogether during a critical stage of the proceeding. *See id.* at 483. Accordingly, it found that, if deficient assistance of counsel has deprived a criminal defendant of

---

[1] Respondent additionally argues, in a cursory fashion, that the appellate waiver directly bars this § 2255 proceeding. (ECF No. 15 at ¶¶ 26 n.3, 34.)

an entire proceeding, such as an appeal, "the even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice." *Id.* The *Flores-Ortega* Court thus held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. Importantly, however, there was, in that case, no argument that Flores-Ortega had waived his right of appeal. *See id.* at 488 n.1 (Souter, J., dissenting in part and concurring in part).

In *United States v. Mabry*, the Court of Appeals for the Third Circuit rejected the applicability of the reasoning from *Flores-Ortega* to a case where the criminal defendant voluntarily waived his appellate rights as part of a plea agreement. *See* 536 F.3d 231, 239–42 (3d Cir. 2008), *cert. denied* 129 S. Ct. 2789 (2009). Agreeing with a decision of the Seventh Circuit, the *Mabry* Court found that "there is no reason to presume prejudice amounting to a miscarriage of justice in such a situation where the attorney's filing of an appeal would constitute a violation of the plea agreement, relieving the government of its obligations as well." *Id.* at 240–41 (citing *Nunez v. United States*, 495 F.3d 544, 547–48 (noting that, when there is a total appellate waiver, "counsel's duty to protect his or her client's interest militates against filing an appeal"), *vacated on other grounds*, 554 U.S. 911 (2008)). It noted that "presuming prejudice where there is a waiver makes little sense, because 'most successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date.'" *Id.* at 240 n.9 (quoting *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007)). Ultimately, the *Mabry* Court explained that "the right to appeal that has been waived stands on a different

footing from a preserved right to appeal, both conceptually and in relation to counsel's duty to his client with respect thereto." *Id.* at 241.

Unless the *Flores-Ortega* presumption of prejudice is applied, this Court must perform a typical prejudice analysis of McCalla's claim that Boney provided ineffective assistance by failing to file an appeal. Although the appellate waiver in McCalla's plea agreement is not total, the narrow exceptions to that waiver would permit him to appeal only if he received a sentence in excess of the stipulated guidelines range or to challenge his criminal-history category. *See* Crim. No. 11-452, ECF No. 322 at 3 & Sched. A ¶ 9. McCalla received a sentence *below* the stipulated guidelines range, and thus clearly could not have appealed his sentence on the basis that it exceeded that range. *See* Crim. No. 11-452, J., ECF No. 389. Neither has he raised any arguments related to his criminal-history category, which, at sentencing, I determined was a Category II. *See* Crim. No. 11-452, Tr. of McCalla Sentencing (Nov. 14, 2012), at 5. Furthermore, even if McCalla could establish some error with his criminal-history category, he could show no resulting prejudice in his sentencing, as he received the bare statutory minimum sentences for his crimes, without any enhancements for criminal history or any guidelines factors. *See infra* Part IV.C.

McCalla asserts, in his reply brief, that he would have wanted to appeal because he "maintained his innocence until the last hour," because "several of his co-defendants – filed appeals," and because he had "filed objections to the PSI – which raised issues that might be addressed on appeal." (ECF No. 21 at 3). McCalla has failed to show that these purported issues for appeal would have been successful, as it appears that the Third Circuit would have dismissed any such claims as barred by the appellate waiver. Furthermore, even if McCalla could somehow evade the preclusive effect of the appellate waiver, he has not shown a reasonable

probability that raising these arguments on appeal would change the outcome of his plea or sentencing because, as already noted herein, he received the statutorily required minimum sentence for each of the crimes to which he pleaded guilty. *See Strickland*, 466 U.S at 694.

Beyond McCalla's failure to show prejudice, it is also not clear that Boney's alleged failure to follow an instruction to file appeal could establish deficient representation given the appellate waiver. As the *Mabry* Court noted, "one would wonder how counsel's failure to file a notice of appeal could be considered 'outside the wide range of professionally competent assistance,' if the right to appeal had been knowingly and voluntarily waived." *Mabry*, 536 F.3d at 242 n.14. Given McCalla's failure to meet his burden to demonstrate ineffective assistance of counsel in this context, relief is denied on the ground that Boney failed to file an appeal.

### C. Ground Three – Failure to Object to Improper Guidelines Calculation

In Ground Three, McCalla alleges, "The counsel was ineffective for failing to object to the improper calculation of the guidelines in this case." (ECF No. 1 at 5.) In opposition, Respondent argues that McCalla has failed to identify any way in which his sentencing guidelines were allegedly calculated improperly. (ECF No. 15 at 24.) It notes, in any case, that McCalla could not have suffered any prejudice from guidelines miscalculation, as he received a sentence below the applicable guidelines range, which represented the statutory minimum sentences for both crimes to which he pleaded. (*Id.* at 24–26.) In reply, McCalla argues that his counsel failed to object to a two-point enhancement of McCalla's offense level based on alleged attempt to obstruct the administration of justice. (ECF No. 21 at 4–5.) He asserts that his conduct, as evidenced at trial, did not support such an enhancement. (*Id.*)

In this case Respondent is correct that, regardless of whether there was some conceivable objection to be raised regarding McCalla's sentencing guidelines calculation, McCalla cannot

show any prejudice resulting from Boney's failure to raise it.  Under the pertinent statutes, a person convicted for conspiracy to distribute or possess with intent to distribute 100 grams or more of a substance containing heroin, the first crime to which McCalla pleaded guilty, "*shall* be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. §§ 841(b)(1)(B)(i), 846.  A conviction for possession of a firearm in connection with a drug-trafficking crime, the second offense to which McCalla pleaded guilty, requires a sentence "to a term of imprisonment of not less than 5 years" and prevents any such sentence from running concurrently with any other sentence. 18 U.S.C. § 924(c)(1)(A)(i), -(c)(1)(D)(ii).

A sentencing court has no authority to sentence a convicted defendant below the statutory minimum sentence except upon a motion by the government or in the case of non-violent controlled-substances crimes where specific factors are met, including no more than one criminal history point and no possession of a firearm in connection with the offense. *See* 18 U.S.C. § 3553(e)–(f); *see also United States v. Morton*, 187 F. App'x 222, 225 (3d Cir. 2006) (noting that the district court "correctly acknowledged that it was required by law to impose the statutorily mandated sentence"); *United States v. Kellum*, 356 F.3d 285, 289 (3d Cir. 2004).  The record does not contain any evidence that circumstances existed that would have justified a sentence below the statutory minimum.  The government made no such motion, McCalla had two criminal history points, and he was simultaneously convicted of possession of a firearm in connection with the drug offense. *See* Crim. No. 11-452, Tr. of McCalla Sentencing (Nov. 14, 2012).  Accordingly, McCalla has failed to meet his burden of showing any prejudice with regards to sentencing—that is, if Boney had successfully challenged the guidelines calculations, that McCalla's sentence would have been different.  Therefore, relief on this ground is denied.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a § 2255 proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 28 U.S.C. § 2255(d). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). In this case, the Court denies a certificate of appealability because jurists of reason would not find it debatable that McCalla has failed to make a substantial showing of the denial of a constitutional right.

## VI. CONCLUSION

For the foregoing reasons, McCalla's § 2255 motion is denied on its merits. Although courts considering § 2255 motions are generally directed to hold evidentiary hearings, it is apparent from the arguments before the Court and the record of the underlying criminal proceeding that, regardless of the evidence adduced at such a proceeding, McCalla would not be entitled to any relief based on his motion. *See Booth,* 432 F.3d at 545. A certificate of appealability is denied. An appropriate order will be entered.

DATED: February 13, 2019

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge